SIGNET SHIPPING COMPANY

v.

SOUTHERN HARDWOODS, INC.

No. CIV. A. 00–1122.

United States District Court,
E.D. Louisiana.

May 24, 2000.

Stephen E. Mattesky, Kenneth Joseph Gelpi, Jr., Terriberry, Carroll & Yancey, New Orleans, LA, for plaintiff.

Sharon Cormack Mize, Camilo Kossy Salas, III, Sessions & Fishman, New Orleans, LA, for defendant.

**MINUTE ENTRY**

BARBIER, District Judge.

Before the Court is defendant's **Motion to Dismiss and to Vacate Attachment and Impoundment.** Plaintiff opposes the motion. The motion was set for hearing with oral argument on May 12, 2000, after which the Court ordered the parties to file supplemental briefs. Now, having considered the record, the applicable law, and memoranda and argument of counsel, the Court stands ready to rule.

**BACKGROUND**

This suit was instituted under Supplemental Admiralty Rule B, when Signet attached a bill of lading for cargo owned by Southern, based on its allegation that Southern has failed to pay freight on previous cargo shipments. The bill of lading in issue contains the following language: "Any proceedings hereon or connected directly or indirectly herewith shall be brought exclusively in the United States Federal District Court for the Southern District of Texas, Houston Division." Bill of Lading, para. 34.

Arguing that under the terms of the bill of lading provided by plaintiff this action was lodged in the wrong forum, and that this Court therefore lacked jurisdiction, defendant moved for dismissal and to have the attachment vacated. Defendant also argued that it lacked the requisite contacts for Louisiana's non-resident attachment provision to apply. In opposition, Signet asserted that the forum selection clause applied only to *per se* litigation of issues raised in the bill of lading, and did not limit attachment proceedings to the Southern District of Texas.[1]

At the hearing held in open court on May 12, 2000, the Court agreed with plaintiff that the forum selection clause did not preclude attachment here in Louisiana, but raised the issue of whether plaintiff was entitled to attach the *res* that is the subject of this suit to secure any future judgment—that is, whether the evidence demonstrated that plaintiff would be prej-

---

1. In its opposition, Signet also abandoned its argument based on Louisiana's non-resident attachment provision.

udiced in the absence of the attachment. Following argument by counsel on this specific point, the parties were ordered to brief this issue.

In its supplemental brief, defendant maintains that plaintiff bears the burden of proving that plaintiff would be prejudiced by vacating the attachment, and asserts that plaintiff has failed to meet that burden. Plaintiff, on the other hand, argues that the burden of proving that vacating the attachment would not prejudice it lies with defendant, citing *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627 (9th Cir.1982), and further asserts that it would indeed be prejudiced if the attachment were vacated, because it would have less security should a court ultimately render judgment in its favor.

## DISCUSSION

Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Admiralty Rule E(4)(f).

Thus, "[w]here evidence shows that the plaintiff would not be prejudiced by the vacating of prejudgment security, the district court can unconditionally dismiss the action and vacate the writ of attachment." *Polar Shipping*, 680 F.2d at 633.

In this case, considering all of the circumstances, the Court finds that the evidence does not demonstrate that plaintiff would be prejudiced if the attachment were vacated.[2]

Plaintiff argues that the attachment should be maintained because it is unsure of Southern's ability to respond to any subsequent judgment, based on plaintiff's assumption that Southern is not financially sound. However, the Court has reviewed the affidavit of Peter Maharaj, president of Southern, in which he avers that Southern is a wholly-owned subsidiary of a publicly traded corporation (Timber Resources International, Inc.), with assets approaching $1,000,000 and a ten year lease with the Port of Pensacola. Under these facts, coupled with the assertions in its briefs that Southern would respond to any judgment against it and answer any suit in a court of competent jurisdiction, the Court finds that while plaintiff clearly would be less secure in the absence of the attachment, it would suffer no prejudice if the attachment were vacated. Indeed, its position would be no worse than that of any other plaintiff in a civil action. As for plaintiff's argument that it will suffer prejudice because any judgment it may ultimately receive in Houston must be enforced against defendant in Florida, that is a problem plaintiff created for itself when it incorporated the forum selection clause requiring disputes to be litigated in the Southern District of Texas. Accordingly;

**IT IS ORDERED** that Southern's **Motion to Dismiss and to Vacate Attachment and Impoundment** (Rec.Doc. 10) should be and is hereby **GRANTED in PART**, and the attachment and impoundment are hereby **VACATED**;

**IT IS FURTHER ORDERED** that this matter should be and is hereby **TRANSFERRED** to the Southern District of Texas, Houston Division, for any further proceedings.

---

2. Notwithstanding the 9th Circuit's opinion in *Polar Shipping*, in which the burden of proof was placed on defendant to show that plaintiff would not be prejudiced (680 F.2d at 633), the Court observes that the plain language of the statute places the burden on the plaintiff (Supp. Adm. Rule E(4)(f)). However, the Court pretermits making a finding on this question, because it has concluded that considered from either angle, no undue prejudice exists for plaintiff if the attachment is vacated.